NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SERGEANT RAMON MARTINEZ : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | **OPINION** |
| v.   : | Civil Action No. 07-cv-5949(DMC) |
| STATE OF NEW YORK, OFFICE OF : THE INSPECTOR GENERAL : | |
| Defendants.   : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

       Before Your Honor is Plaintiff Martinez's ("Plaintiff") Order to Show Cause why an order should not be entered enjoining Defendant State of New York, Office of the Inspector General ("Defendant") from enforcing or requiring compliance with a subpoena issued to Plaintiff on December 10, 2007 to give testimony regarding the investigation by Defendant of the management and affairs of the Waterfront Commission of New York Harbor, Plaintiff's employer.  This Court granted Plaintiff's application and ordered Defendant to show cause on December 20, 2007.  The December 20, 2007 hearing was adjourned so that Defendant could submit a motion to dismiss Plaintiff's petition for improper venue and lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1391 and FED. R. CIV. P. 12(b)(1)(2) and (3), which Plaintiff opposed and Defendant filed a brief reply.  Oral argument occurred on January 15, 2008.

**I.    BACKGROUND**

       The Waterfront Commission of New York Harbor ("Waterfront Commission") was created

in 1953 via Compact, a bi-state agreement passed by New York and New Jersey. (Complaint ¶1). According to the subject Complaint, the Waterfront Commission's purpose is to investigate, deter, combat and remedy criminal activity and influence at New Jersey and New York ports.  The Waterfront Commission is also responsible to ensure fair hiring and employment practices.  Further, the Waterfront Commission has the authority through the Compact to license and register workers and for good cause, to refuse licenses or registrations.  The Waterfront Commission is empowered to investigate waterfront practices which affect the Compact and then make recommendations to New York and New Jersey in order to accomplish the Compact's objectives.  (Complaint ¶¶ 2-3). Plaintiff is employed by the Waterfront Commission as an investigator with the rank of Sergeant and has full police powers in New York and New Jersey. (Complaint ¶6). Importantly, Plaintiff admits that he is employed by both New York and New Jersey simultaneously. (Pl.'s Opp., p. 2).  The Waterfront Commission is a bi-state agency, existing under the laws of New York and New Jersey. (Complaint ¶7).  Defendant is a state agency existing under the laws of the State of New York. (Complaint ¶8).

On or about October 15, 2007, the Secretary to the Governor of the State of New York signed an Executive Order appointing the Inspector General of the State of New York, Kristine Hamann, as Commissioner to study, examine, investigate and make recommendations with respect to the management and affairs of the Waterfront Commission. (Complaint ¶12).  The subject investigation involves allegations of misfeasance and nonfeasance by personnel of The Waterfront Commission including allegations of misconduct, conflicts of interest, abuse and waste. (Complaint ¶13).

On December 10, 2007, Plaintiff was served with a subpoena ad testificandum to attend on December 17, 2007. (Complaint ¶14).  Plaintiff asserts that since he is an employee of The

Waterfront Commission, a bi-state compact between New York and New Jersey, an agency, or commissioner of either state, acting alone, may not exercise their jurisdiction over him unilaterally. Essentially, Plaintiff's premise is that neither state acting alone has jurisdiction over The Waterfront Commission. (Complaint ¶¶23-4, Pl.'s Brief, p. 15).

Plaintiff contends that to allow jurisdiction in this case by the New York State Inspector General would open the floodgates to applying any law from either state against any bi-state authority and that further, allowing jurisdiction in this case would open the door for any agency of any state to impose its regulations or desires upon the Waterfront Commission. (Pl.'s Brief, p. 14). Defendant asserts that the New Jersey Office of the Attorney General has publicly acknowledged that it is working in conjunction with the New York State Inspector General in the investigation. (Def.'s motion to dismiss, p. 2). Further, Defendant argues that The Waterfront Commission has acknowledged its jurisdiction because it is cooperating with the subject investigation as well. (Def.'s motion to dismiss, p. 2).

Defendant asserts that this Court lacks jurisdiction over this matter and that as such, this Court should abstain from exercising jurisdiction, but asserts that in the alternative, Plaintiff's motion for injunctive relief should be denied and the complaint dismissed. (Def.'s motion to dismiss, p. 3). In its motion to dismiss, Defendant argues that federal question jurisdiction is lacking; that the action is barred by the Eleventh Amendment; that this Court lacks personal jurisdiction over Defendant; that venue is improper in the District of New Jersey; and finally that this Court should abstain from enjoining an ongoing State investigation on unsettled State-law grounds.

There was an Order to Show Cause hearing on January 15, 2008. As a result of questions by the Court regarding claims by the Defendant that the State of New Jersey was aware of and

cooperating in the investigation, Counsel for Plaintiff acknowledged that if an appropriate authority of the State of New Jersey submitted a letter or certification in support of Defendant's cooperation argument, Plaintiff's claim of a unilateral investigation would fail. The letter would prove that New York is not acting unilaterally. On January 25, 2008, this Court received a letter from the Office of the New Jersey Inspector General, stating that it is aware of and is cooperating with the New York Office of the Inspector General in its investigation of the alleged malfeasance and nonfeasance by personnel of the Waterfront Commission of New York Harbor. This Court is satisfied that the above mentioned investigation is therefore a cooperative effort of both the States of New York and New Jersey.

## II.     STANDARD OF REVIEW

"Four factors are weighed in considering a motion for a preliminary injunction: (1) immediate and irreparable injury to the movant; (2) the movant's likelihood of success on the merits; (3) the public interest; and (4) the balance of hardship on all the parties." *U.S. Ass'n of Importers of Textiles & Apparel v. United States Dep't of Commerce,* 413 F.3d 1344, 1346 (Fed.Cir.2005) ( *USA-ITA* ) *595 (citing *Zenith Radio Corp. v. United States,* 710 F.2d 806, 809 (Fed.Cir.1983)). A motion for a temporary restraining order is decided upon consideration of the same four factors. *OAO Corp. v. United States,* 49 Fed.Cl. 478, 480 (2001) (citations omitted). If jurisdiction is challenged, a court must consider that challenge as a threshold issue, because lack of jurisdiction will preclude likelihood of success of the merits, the second factor in determining the appropriateness of injunctive relief. *See USA-ITA,* 413 F.3d at 1348 ("We disagree, however, that ... jurisdictional arguments could be ignored in ruling on [a] preliminary injunction motion. The question of jurisdiction closely affects the [plaintiff's] likelihood of success on its motion for a preliminary injunction. Failing to consider

4

[jurisdiction would be] legal error."). Here, there are jurisdictional challenges to Plaintiff's motion for preliminary injunction.

Upon a Rule 12(b)(1) motion addressing the existence of subject matter jurisdiction over a plaintiff's complaint, "no presumptive truthfulness attaches to a plaintiff's allegations." Martinez v. U.S. Post Office, 875 F. Supp. 1067, 1070 (D.N.J.1995) (citing Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). "Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited; conflicting written and oral evidence may be considered and a court may 'decide for itself the factual issues which determine jurisdiction." Id. (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.) Cert. denied, 454 U.S. 897 (1981)). "When resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff." Med. Soc'y of N.J. v. Herr, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing Gould Elecs. Inc. v. U.S., 220 F.3d 169, 176, 178 (3d Cir. 2000)). However, "[w]here an attack on jurisdiction implicates the merits of plaintiff's [F]ederal cause of action, the district court's role in judging the facts may be more limited." Martinez, 875 F. Supp. at 1071 (citing Williamson, 645 F.2d at 413 n.6).

"It is well-established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003) (citing Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002)). However, when a defendant raises a jurisdictional defense,

> the burden falls on the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper. Carteret Sav. Bank v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992). The plaintiff meets this burden and presents a prima

5

>   facie case for the exercise of personal jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state."

Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434 (3d Cir. 1987)).  In this case, Plaintiff must establish that sufficient contacts exist between the Defendant and New Jersey in order to defeat Defendant's challenge to this Court's jurisdiction.

### III.   DISCUSSION

#### A.   Application of Federal Law

The construction of a bi-state compact that has been consented to by Congress pursuant to the Compact Clause presents a federal question. Cuyler v. Adams, 449 U.S. 433, 438, 101 S.Ct. 703, 66 L.E.2d 641 (1981). When Congress sanctions a compact between two states, it turns the agreement into a "law of the Union". Pennsylvania v. Wheeling & Belmont Bridge Co., 54 U.S. 518, 566 L.Ed. 249 (1851).  As such, the subject issue of whether one state of a bi-state compact can unilaterally issue a subpoena to an employee of the commission the compact created is a question of federal law.  Both New Jersey and New York Federal Courts have ruled that the practices of The Waterfront Commission fall under federal law.[1]

#### B.   Venue

Defendant claims that venue is improper in the District of New Jersey pursuant to 28 U.S.C. §1391(b) which provides that federal question jurisdiction should be brought in the district where

---

[1] See Waterfront Com'n of New York Harbor v. Construction and Marine Equipment Co., Inc. 928 F.Supp. 1388, 1394 (D.N..J. 1996) and NYSA-ILA Vacation and Holiday Fund v. The Waterfront Commission of New York Harbor, 732 F.2d 292, 297 (2nd Cir. 1984).

the defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred and urges this Court to transfer venue to the Southern District of New York. (Def.'s motion to dismiss, p. 4). Defendant points out that it is a New York State Agency, that the subject subpoena was issued in New York and that Plaintiff's place of business is in New York. (Id.).

Plaintiff asserts that since the Inspector General seeks to assert jurisdiction over a New Jersey resident, who is an employee of a New Jersey entity, that it is reasonable for Defendant to expect to be hailed into Court in New Jersey. (Pl.'s Opp., p. 6). This Court agrees that New Jersey is a proper venue for this cause of action.

      C.     **Applying New York Law Unilaterally**

The premise of Plaintiff's argument is that Defendant State of New York Office of the Inspector General is acting unilaterally in its investigation, without the consent of any authority of New Jersey. To the contrary, it has been reported that New Jersey is taking part in the investigation. Defendant attached news articles from The Start Leger reporting that the New Jersey Attorney General is involved with the investigation, purporting to act alongside New York. Specifically, in a newspaper article, a spokesman for the New Jersey Office of the Attorney General confirmed that they were involved in the investigation and that they were working with New York. From this standpoint, it appears that New York is not acting unilaterally, as Plaintiff alleges.

Plaintiff's basic premise is that he should not have to appear to give testimony because New York is acting unilaterally by issuing the subpoena. Conversely, if the two states were acting together, Plaintiff concedes that he would have to appear. Based on the evidence produced thus far, it appears that New Jersey is acting with New York, therefore New York is not conducting the investigation unilaterally. As such, Plaintiff's motion for preliminary injunction is denied.

At oral argument, counsel for Defendant asserted that he would be able to obtain a letter from the New Jersey Attorney General attesting to New Jersey's involvement in the subject investigation. Plaintiff's counsel conceded that there would be no need for the injunction should New Jersey's involvement be established. The Court received the letter from the New Jersey Office of the Inspector General on January 25, 2008.

**IV.    CONCLUSION**

Federal jurisdiction exists here because this case surrounds a bi-state compact, which presents a federal question. The District of New Jersey is the proper venue for this action. Plaintiff's basic premise is that Defendant does not have jurisdiction over him because he claims that New York is acting unilaterally without New Jersey, which is prohibited by the compact, however, as evidenced by the letter from the Office of the New Jersey Inspector General, New Jersey is taking part in the investigation. Plaintiff has conceded that if it is proven that New Jersey is also conducting he investigation, that a preliminary injunction need not be entered. As such, Plaintiff's claims are dismissed and his motion for preliminary injunction denied. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       January  28 , 2008
Orig.:      Clerk
cc:         Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File